09-0695-ag
Ni v. U.S. Attorney General

BIA
Balasquide, IJ
A097 550 283

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand ten.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

───────────────────────────────

CHENG NI,
> *Petitioner*,

> v.                                             09-0695-ag
>                                                    NAC

UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

───────────────────────────────

FOR PETITIONER:        Gang Zhou, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       John C. Cunningham, Senior Litigation
                       Counsel; Juria L. Jones, Trial Attorney,
                       Office of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Cheng Ni, a native and citizen of the People's Republic of China, seeks review of a January 29, 2009 order of the BIA affirming the May 17, 2007 decision of Immigration Judge ("IJ") Javier Balasquide, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Cheng Ni*, No. A097 550 283 (B.I.A. Jan. 29, 2009), *aff'g* No. A097 550 283 (Immig. Ct. N.Y. City May 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

Because Ni does not challenge the agency's pretermission of his application for asylum or its denial of his application for CAT relief, we consider only his challenge to the agency's denial of his application for withholding of removal. The agency denied that relief upon its finding that Ni had not provided adequate corroboration of his claim that he continued to practice Falun Gong in the U.S. The agency, however, made no findings as to whether Ni demonstrated past persecution based on what he testified was a 15-day detention for his practice of Falun Gong in China, during which he was "beaten" and "tortured." If this alleged mistreatment was determined to be past persecution, Ni was entitled to a rebuttable presumption that he was more likely than not to face persecution in the future. 8 C.F.R. § 1208.16(b)(1)(i). The burden would then shift to the government to rebut that presumption. *See Makadji v. Gonzales*, 470 F.3d 450, 458 (2d Cir. 2006). It is clear, however, that the IJ never made a finding with respect to the credibility of petitioner's testimony about his past treatment. Nor did the agency determine whether such treatment constituted past persecution. Instead both the BIA and the IJ allocated to Ni the burden of proving the likelihood he would suffer future persecution. Absent a clear finding by the agency as to past persecution, it is impossible to determine whether this allocation of the burden of proof was proper. *See Beskovic v.*

*Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) ("Whether or not [the applicant] is entitled to a presumption of future persecution requires a determination, based on the correct legal standard, of whether he suffered past persecution."). Accordingly, the agency's failure to assess whether petitioner suffered past persecution frustrates the Court's review, and remand is necessary for findings in accordance with the appropriate burden-shifting framework. *See Beskovic*, 467 F.3d at 227*; see also Makadji*, 470 F.3d at 458.

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3